UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Cell Deal Inc.,

                        Plaintiff,                  **MEMORANDUM & ORDER**
                                                                                                       21-CV-00788 (DG) (MMH)

          -against-

FedEx Freight, Inc.,

                        Defendant.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       On March 31, 2022, Defendant FedEx Freight, Inc. filed a motion for partial summary judgment limiting liability. *See* ECF No. 20; *see also* ECF No. 22. Plaintiff Cell Deal, Inc. opposed Defendant's motion. *See* ECF No. 21. On April 1, 2022, Plaintiff filed a motion for summary judgment on liability and damages. *See* ECF No. 23; *see also* ECF No. 25. Defendant opposed Plaintiff's motion. *See* ECF No. 24. Both motions were brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]

       On February 28, 2024, Magistrate Judge Marcia M. Henry issued a Report and Recommendation ("R&R") setting forth the undisputed/unopposed facts, the procedural history, and the legal standard for summary judgment and recommending that both motions be denied. *See generally* R&R, ECF No. 26. Judge Henry concluded that Plaintiff is not entitled to summary judgment because there are genuine issues of material fact regarding the amount of damages, noting, *inter alia*, that the record reflects that Plaintiff's position on the value of the cargo has changed over time. *See* R&R at 8-10. Judge Henry also concluded that genuine issues of material fact exist regarding whether Defendant validly limited its liability, noting that a

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

reasonable jury could find that Plaintiff did not have notice of the FedEx Rules Tariff and its limitation of liability from the Del Express Agreement and that a jury could reasonably infer that Defendant did not adequately provide notice about the limitations of liability to Plaintiff via the Bill of Lading. *See* R&R at 11-17.

On March 13, 2024, Defendant filed objections to the portion of the R&R recommending that Defendant's motion for partial summary judgment be denied. *See* Defendant's Objection in Part to the R&R ("Def.'s Obj. Br."), ECF No. 27. Defendant objects to the R&R "on the issue of whether there exists a triable material fact whether [Defendant] validly limited its liability" and Defendant asserts that the R&R "does not give due consideration to controlling United States Supreme Court precedent." *See* Def's Obj. Br. at 2. Defendant argues that "[a]s the United States Supreme Court holds, the proper analysis is whether [Defendant] and Del Express, plaintiff's designated transportation intermediary with whom [Defendant] contracted, agreed to limit [Defendant's] liability;" that "[b]ased on Del Express's status as a licensed freight broker hired by [Plaintiff], [Defendant] need not show that the limitation of liability was directly conveyed or agreed to by [Plaintiff] itself;" that "[t]he record shows, and the Magistrate Judge specifically found, that [Defendant] and Del Express agreed to incorporate the limitation of liability to all shipments tendered by Del Express to [Defendant] under the Del Express Agreement, including the shipment at issue;" that "the record shows that Del Express drafted and agreed to the terms on **its own** Del Express standard Bill of Lading issued for the shipment;" that "[t]here can be no genuine triable issue of fact that Del Express, acting as plaintiff's selected shipping agent, had actual notice of the applicable limitation of [Defendant's] liability and agreed to [the] limitation;" that Defendant "was entitled to rely on the contractual limitation of liability negotiated with Del Express for all shipments brokered by Del Express;" and that

2

Defendant "was not required to confirm that Del Express's customers, including [Plaintiff], were actually aware of or personally agreed to the limitation." *See* Def.'s Obj. Br. at 5. Defendant further argues that the R&R "relies on cases in which the shippers did **not** use a freight broker or transportation intermediary to contract with a motor carrier." *See* Def.'s Obj. Br. at 7. Defendant requests that the Court grant Defendant's motion for partial summary judgment limiting its liability in this case to $153.00. *See* Def.'s Obj. Br. at 10.

Plaintiff did not file any objections to the R&R or respond to Defendant's objections within the time limits for doing so. *See generally* docket.

By Order dated April 3, 2024, the Court directed Plaintiff to respond to Defendant's objections and informed Plaintiff that such response must address the caselaw cited by Defendant. *See* April 3, 2024 Order. By Order dated April 9, 2024, the Court granted an extension request and directed that Plaintiff's response be filed by April 15, 2024. *See* April 9, 2024 Order.

On April 15, 2024, Plaintiff filed its Response to Defendant's Objection in Part to the R&R. *See* ECF No. 29. Plaintiff asserts that "[t]he analysis by the Defendant fails to contradict the case law and analysis in the Report and Recommendation" and Plaintiff requests that the R&R "be upheld, and that the denial of [Defendant's] partial motion for summary judgment as to liability remain upheld." *See* ECF No. 29 at 6, 8.

\* \* \*

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

3

§ 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022).  To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

Because no party objected to the portion of the R&R recommending that Plaintiff's motion for summary judgment be denied, the Court's review of that portion of the R&R is for clear error.  Upon clear error review, the Court adopts the portion of the R&R recommending that Plaintiff's motion for summary judgment be denied.[2]

In light of Defendant's objection to the portion of the R&R recommending denial of Defendant's motion for partial summary judgment, the Court reviews *de novo* the R&R with respect to that recommendation.  Upon *de novo* review, the Court concludes that Defendant's motion for partial summary judgment limiting liability should be granted.

---

[2]  Also upon clear error review, the Court adopts those portions of the R&R setting forth the undisputed/unopposed facts, the procedural history, and the legal standard for summary judgment.  *See* R&R at 2-7.

The Court notes that notwithstanding that Plaintiff did not file any objections to the R&R, Plaintiff requests in its response briefing that its motion for summary judgment be granted.  *See* ECF No. 29 at 8.  Plaintiff's request is untimely.  However, even if Plaintiff had timely objected to the R&R's recommendation that Plaintiff's motion be denied, the Court would adopt that recommendation upon *de novo* review.

4

"When an intermediary contracts with a carrier to transport goods, the cargo owner's recovery against the carrier is limited by the liability limitation to which the intermediary and carrier agreed." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 33 (2004). "The intermediary is certainly not automatically empowered to be the cargo owner's agent in every sense. . . . But when it comes to liability limitations for negligence resulting in damage, an intermediary can negotiate reliable and enforceable agreements with the carriers it engages." *Id.*; *see also Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 185 (2d Cir. 2014) (applying *Kirby* and determining that "[the intermediary] was the agent of the cargo owner, in the limited sense articulated in *Kirby*, when it contracted with [the carrier] for the liability limitations, including the Exoneration Clause, contained in the [carrier's] bill of lading" and "[a]ccordingly, [the cargo owner] is bound by the Exoneration Clause").

Here, there does not appear to be any genuine dispute of material fact with respect to the limitation of liability. It is undisputed that Plaintiff hired Del Express, a broker licensed by the Federal Motor Carrier Safety Administration, to arrange for Defendant to pick up the cellphones from "AT&T c/o CTDI" and to deliver them to Plaintiff. *See* R&R at 3. Moreover, the parties do not seriously dispute that Del Express and Defendant entered into at least two agreements that are relevant to the disputed shipment – namely, the Del Express Agreement and Del Express's standard Bill of Lading. *See* R&R at 4-5. Further, it is undisputed that the Del Express Agreement includes a "Liability Notice" that references "FXF 100 rules tariff item 420," which term refers to Item 420 of FedEx's Rules Tariff 100, which limits Defendant's maximum liability for "used or reconditioned articles" to "50 cents per pound per package or $10,000 per incident, whichever is lower" when the consignor or consignee does not declare value or fails to describe articles as used or reconditioned on the original Bill of Lading; that the Bill of Lading

5

for the disputed shipment does not declare the value of the shipment and, in fact, expressly states "Shipment Value Not Specified;" that Item 420 establishes procedures for a FedEx customer to request higher limits of liability for damage to used goods; and that neither Plaintiff nor Del Express requested higher limits of liability for the shipment. *See* R&R at 4-5. Additionally, there is no dispute that the shipment consisted of one pallet weighing a total of 306 pounds. *See* R&R at 3.

Because Del Express – the intermediary hired by Plaintiff, the cargo owner – contracted with Defendant – a carrier – to transport goods, Plaintiff's recovery against Defendant is limited by the liability limitation to which Del Express and Defendant agreed. *See Kirby*, 543 U.S. at 33.[3] Del Express and Defendant agreed to limit Defendant's liability pursuant to the Del Express Agreement. Because the shipment consisted of used goods, the value of the shipment was not declared on the Bill of Lading, and Del Express did not request higher limits of liability, the Del Express Agreement limited Defendant's liability to 50 cents per pound per package or $10,000 per incident, whichever is lower. Here, the per pound amount – which would be $153.00 – is lower. Plaintiff's recovery against Defendant therefore is limited to $153.00 pursuant to the liability limitation in the Del Express Agreement.[4]

Accordingly, Defendant's motion is granted and Defendant's liability is limited to $153.00.

\* \* \*

---

[3] Under these circumstances, whether Plaintiff was on notice of the terms of the Del Express Agreement is immaterial. Such a requirement was not established by *Kirby* and indeed would seem to run counter to the analysis set forth in *Kirby*. *See Kirby*, 543 U.S. at 34-35.

[4] In light of the above, the Court need not – and does not – address any liability limitation in the Bill of Lading.

Plaintiff's Motion for Summary Judgment, ECF No. 23, is DENIED; Defendant's Motion for Partial Summary Judgment, ECF No. 20, is GRANTED; and Defendant's liability is limited to $153.00.

The parties shall submit their proposed Joint Pretrial Order by August 12, 2024.

Further, the parties are referred to Magistrate Judge Marcia M. Henry for a settlement conference and should contact her chambers in accordance with her Individual Rules by July 19, 2024.

SO ORDERED.

<i>/s/ Diane Gujarati</i><br>
DIANE GUJARATI<br>
United States District Judge

Dated: July 12, 2024
      Brooklyn, New York